UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Ahmad Hosseinipour, | ) | CASE NO. 4:25 CV 792 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Ohio Edison, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Ahmad Hosseinipour has filed an i*n forma pauperis* civil complaint in this case against Ohio Edison, First Energy, and Tri Eagle Energy. (Doc. No. 1.) In his statement of claim, he states that Ohio Edison cut the wire connecting his electricity for safety reasons but refused to reconnect his electricity after he "fixed everything." (*Id*. at 4, ¶ III.) His complaint does not allege any specific claim for relief or cause of action. The relief he seeks is to have his electricity reconnected. (*Id*. at 8.)

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction exists under 28 U.S.C. § 1331 when a claim arising under federal law is presented on the face of a well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked under 28 U.S.C. § 1332 when the plaintiff presents state-law claims between parties of completely diverse citizenship, and the amount in controversy

exceeds $75,000. The party seeking to invoke federal jurisdiction bears the burden of demonstrating federal subject-matter jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff has not demonstrated a valid basis for an exercise of federal subject-matter jurisdiction in the case. Although he indicates he asserts jurisdiction on the basis of a federal question, his complaint on is face alleges no claim arising under federal law, or allegations plausibly suggesting such a claim. Further, his complaint alleges no claim over which the Court may exercise diversity jurisdiction. He does not allege a state law claim between parties of completely diverse citizenship where the amount in controversy exceeds $75,000 exclusive of costs and interests.

## Conclusion

Accordingly, this action is hereby dismissed for lack of federal subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Date: July 14, 2025

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE